THE NATIONAL PARK BANK OF NEW YORK, APPELLANT, *v.* JAMES D. WHITMORE AND OTHERS, RESPONDENTS.

*Attachment — when an affidavit therefor is sufficient if made by an officer of the plaintiff when a corporation — general assignment — when invalid, as to creditors, by reason of a preference being given therein pursuant to a previous agreement to do so.*

Motion to vacate an attachment under which a levy was made on December 31, 1885, upon the property of the defendant, who made a general assignment for the benefit of creditors on January 2, 1886. The affidavit used on behalf of the plaintiff, on the application for the attachment, was made by its assistant cashier, who stated positively that the plaintiff was entitled to recover the sum mentioned, with interest, over and above all counter-claims known to the plaintiff.

*Held,* that this was sufficient.

*Marine National Bank of New York* v. *Ward* (35 Hun, 395) distinguished.

The plaintiff, in the moving affidavits, charged that the defendants had agreed, in the event of an assignment, to prefer William Whiting, who was spoken of as the Whiting Paper Company, and were using threats of such a preferential act to coerce their creditors into a favorable compromise. The defendants denied the use of any threats, but admitted that the firm had made an agreement with the Whiting Paper Company, that in the event of an assignment becoming necessary to protect the property of the firm, that company should be preferred to the amount of the stock furnished by it and not paid for. By the assignment, made on January second, the Whiting Paper Company was preferred for an amount asserted to be due to it.

*Held*, that this agreement invalidated the assignment.

That as the levy had been made before the assignment was executed, and as the latter contained a fraudulent element, in accordance with a previously existing arrangement or agreement, that instrument itself furnished the evidence of an intention to assign and dispose of property fraudulently and with a view to defraud the creditors.

A debtor will not be permitted, at or before the time the debt is created, by a secret tacit agreement or understanding with any one or more of his creditors, to make an engagement in reference to his property by which their debts shall, in case of emergency, be preferred under any and all circumstances, and by such an arrangement, in effect, place a secret mortgage upon the debtor's assets.

APPEAL from an order made at Special Term vacating an attachment.

*Charles W. Wetmore*, for the appellant.

*Stewart & Boardman*, for the respondents.

BRADY, P. J.:

The attachment herein was granted on the 31st of December, 1885, and a levy made under it on the property of the defendants on the afternoon of that day. On the second of January the defendants united in an assignment of their firm and individual property for the benefit of their creditors, which was filed on that day.

The attachment was granted upon affidavits presenting what were supposed to be sufficient reasons to justify the conclusion that the defendants were about to make an assignment or dispose of their property with the intention of defrauding their creditors. The defendants moved to vacate the attachment upon the affidavits of two of the defendants, and the motion was heard upon these and affidavits read in opposition, and granted.

The respondent assails the affidavit read on plaintiff's behalf stating the indebtedness upon the ground that it does not contain the

allegation required by section 636 of the Code of Civil Procedure, namely, that the plaintiff is entitled to recover the sum stated to be due over and above all counter-claims known to the plaintiff. The averment relating thereto by Mr. De Baun, the assistant cashier of the plaintiff, is positive however, namely, that the plaintiff is entitled to recover the sum mentioned, with interest, over and above all counter-claims known to the plaintiff.

In the case of the *Marine National Bank of New York* v. *Ward* (35 Hun, 398), it was said by Davis, P. J., expressing the opinion of the court, that the affidavit in this respect might undoubtedly be made by an agent of the plaintiff or any officer of the corporation to whom the facts were personally known, or where the information was based upon such facts disclosed by evidence as would show satisfactorily that the plaintiff was entitled to recover the sum stated over and above all counter-claims known to the plaintiff and the affiant. It was also held in that case, it is true, that it was not enough for the agent or officer to make the statement simply upon information and belief, without showing whence and from whom his information was derived, and why the affidavits of the informants were not produced.

This case entirely differs from that in the respect to which attention has already been called, namely, that there is an affirmative declaration on the part of the assistant cashier that the sum claimed is due over and above all counter-claims known to the plaintiff. There are averments of some acts tending to establish the proposition of a contemplated sale, by the defendants, of their property with intent to hinder and delay their creditors, which rest chiefly upon information and belief, and which are not, perhaps, sustained by confirmatory affidavits; but it is not necessary to give them examination, inasmuch as the conclusion arrived at in reference to one feature of the case renders that ceremony unnecessary.

It appears from the assignment made by the defendants that the Whiting Paper Company was preferred in it for an amount asserted to be due. The plaintiff, in the moving affidavits, had charged that the defendants had agreed, in the event of an assignment, to prefer William Whiting, who was spoken of as the company, and were using threats of such a preferential act to coerce their creditors into a favorable compromise. To this the defendant Whitmore

responded, and while he emphatically denied the use of any threats, admitted that the deponents' firm had made an agreement with the Whiting Paper Company to the effect that in the event of an assignment becoming necessary to protect the property of the firm, that company should be preferred to the amount of the stock so furnished and unpaid for.

It thus appears that an agreement, which may be regarded as secret, was made with the Whiting Paper Company, by which, in case of insolvency, or in the event of an assignment becoming necessary by the defendants, it was to be protected by a preference to the amount of the stock furnished to the defendants and unpaid for. Such an agreement as that was declared to be fraudulent and to invalidate an assignment, in the case of *Smith* v. *Craft* (11 Biss., 340), and in a well considered opinion by Justice GRESHAM. It appeared in that case that certain creditors loaned money to the assignor on the faith of his agreement to secure them if he became insolvent. And the learned justice said that the complainants, ignorant of that agreement, had sold the assignor goods on time, trusting to his skill, energy and integrity, and they would not have done this, he said, it is safe to presume, if they had known of this agreement.

This is analogous to the principle announced in the case of *Potts* v. *Hart* (99 N. Y., 168), in which it was declared that a chattel mortgage was fraudulent and void as to creditors, where it was given with a tacit or express understanding and arrangement that the morgagor might sell and dispose of the mortgaged property and apply the avails to his own use. It is also analogous to the familiar proposition that a creditor who signs a composition deed for his debtor cannot, by any secret agreement with the debtor, preserve the entire indebtedness or acquire any superior advantage, when, by the composition deed, he agrees with others to take a portion of it only in full discharge.

The legal proposition affecting the integrity of the assignment and intended to be declared hereby, is that the debtor will not be permitted, at or before the time the debt is created, by a secret tacit agreement or understanding with any one or more of his creditors, to make an engagement in reference to his property, by which their debts shall, in case of emergency, be preferred under any and all

circumstances, and by such an arrangement, in effect, place a secret mortgage upon his assets.

The only possible answer to this doctrine is that such an agreement could not be enforced by the creditor. But this view is not responsive in a case where the agreement has assumed a positive form by which the debtor has carried it out and the creditor has taken advantage of it, as appears in this case. The answer might have some force if the plaintiff had made the arrangement and was insisting that the assignment was fraudulent because of the failure of the assignor to keep his promise with it. In other words, whilst the agreement might prove to be questionable as between the original parties in any controversy between them, yet, when it is attempted to be carried out as against creditors, it must be regarded as fraudulent as to them, and so declared. The levy having been made before the assignment was executed, and the latter containing a fraudulent element, in accordance with the previously existing arrangement or agreement, that instrument itself furnishes the evidence of an intention to assign and dispose of property fraudulently and with a view to defraud the creditors.

The application of this view is new, but it has been invoked by the learned counsel for the plaintiff in an able and elaborate argument. It rests on sound doctrine, as he has demonstrated, and is unquestionably sustained upon the proposition of fair dealing between man and man.

For these reasons the order appealed from should be reversed, and the motion to discharge the attachment denied, with ten dollars costs.

DANIELS, J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.